**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRESSWELL BERRY,

    Petitioner,

Case No. 08-12894
Honorable Nancy G. Edmunds

v.

HUGH WOLFBARGER,

    Respondent.

_____/

# OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS [1]

This matter comes before the Court on Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his confinement on two grounds:

> 1. The sentence, which was based on inaccurate and incomplete information and the failure to proportionately consider sentencing factors, violated the mandates of the guidelines and federal and state constitutional requirements, requiring re-sentencing; and

> 2. Trial counsel was constitutionally ineffective for failing to: (a) make challenges to inaccurate and incomplete information in the pre sentence report; and (b) make an offer of proof or elicit facts and information in mitigation of sentence, in violation of Petitioner's due process rights under U.S. Const. amend. VI and XIV.

Because Petitioner's improper sentencing claims are non-cognizable and because he has not met the requisite showing for an ineffective assistance of counsel claim, the Court DENIES the petition.

**I.    Facts**

On May 26, 2006, Petitioner entered a guilty plea to the offenses of: (1) conspiracy to deliver or manufacture a controlled substance 1,000 or more grams, Mich. Comp. Laws § 333.7401(2)(a)(i); and (2) delivery or manufacture of a controlled substance 1,000 or more grams, Mich. Comp. Laws § 333.7401(2)(a)(i). (Plea Tr. at 1-9, May 26, 2006 [Docket Text # 8-5].) Pursuant to *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), the trial court judge entered into a sentence agreement with Petitioner whereby his sentence would not exceed the low end of the calculated guidelines range of 171 to 356 months. (Plea Tr. at 7-10, May 25, 2006 [Docket Text # 8-4].) In preparation for sentencing, the Oakland County Probation Department prepared a presentence report and sentence information report. At sentencing, Petitioner's trial counsel made no objections to the information in the reports, except to correct an error in the jail credit computation, and presented no additional information in support of mitigation of Petitioner's sentence (Sentencing Tr. at 3-8, July 10, 2006 [Docket Text # 8-6].)

On July 10, 2006, Petitioner was sentenced as a habitual offender, second offense, to a concurrent term of 14 years, 3 months to 45 years on each of the two counts. (Sentencing Tr. at 6.)

Following sentencing, Petitioner appealed to the Michigan Court of Appeals on the same grounds set forth in his habeas petition. His application was decided on the merits and, on December 26, 2006, was denied. *People v. Berry*, No. 274205 (Mich. Ct. App. Dec. 26, 2006). Petitioner then applied for leave to appeal in the Michigan Supreme Court and was denied by standard order on May 30, 2007. *People v. Berry*, 731 N.W.2d 753 (Mich. 2007).

**II. Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Petitioner is entitled to writ of habeas corpus if he can show that the state court's adjudication of his claims on the merits either:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United states; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" test, a federal court may grant writ of habeas corpus if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" test, a federal court may grant writ of habeas corpus if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the particular case. *Id.* at 413.

**III. Analysis**

This Court addresses Petitioner's claim of improper sentencing followed by his ineffective assistance of counsel claim.

**A. Improper Sentencing**

To obtain habeas relief from a state conviction, Petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §

2254(a). Petitioner first argues that his sentence violates the Constitution because it was based on incorrect information and did not proportionately consider sentencing factors, including his diminished mental capacity, potential for rehabilitation, and his minimal role in the offense.

A sentence based on inaccurate information violates due process and entitles a defendant to re-sentencing. *Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich. 1999). Absent some further constitutional violation, however, a non-capital sentence imposed within statutory limits is not subject to habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948) (finding that defendant was entitled to habeas relief where absence of counsel resulted in erroneous sentencing, but not based on severity of sentence alone).

Here, Petitioner's non-capital sentence fell within the maximum prescribed by the statute under which he was convicted. *See* Mich. Comp. Laws § 333.7401 (2)(a)(i). Regardless of the accuracy of the sentencing determination, then, his claim is not cognizable on federal habeas review on due process grounds. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). *See also Casbar v. Ludwick*, No. 09-12915, 2012 WL 2105133, at *6 (E.D. Mich. May 25, 2010) ("[T]o the extent that petitioner claims that the contents of his pre-sentence report violated state law, this would be non-cognizable in federal habeas review.") As in *Casbar*, Petitioner here seeks relief on the basis of the trial court's application of state sentencing guidelines. This is not grounds for a federal habeas claim.

1. **Eighth Amendment Claim**

Petitioner further claims that his sentence is disproportionate to his offense in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Federal courts have recognized only a narrow proportionality requirement in non-capital sentences. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring). The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime. *Id.*

The Sixth Circuit follows this narrow proportionality principle. *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2010). Consequently, "only extreme disparity between crime and sentence offends the Eighth Amendment." *Id.* The Sixth Circuit has further held that it simply "will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Accordingly, this Court recently held in *Bell v. White*, No. 07-13272, 2010 WL 1859990, at *4 (E.D. Mich. May 10, 2010), that habeas relief was not warranted on Eighth Amendment grounds where the Petitioner was sentenced as a fourth habitual offender to 7 ½ to 15 years imprisonment on his drug conviction, a term within the statutory maximum: "The trial court acted within its discretion in imposing Petitioner's sentence, and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment." *Id.*

Like *Harmelin*, where the Supreme Court held that a mandatory sentence of life imprisonment for drug possession did not violate the Eighth Amendment, it cannot be said that Petitioner's sentence is grossly disproportionate to his crime. *Harmelin*, 501 U.S. at 996. Moreover, the sentence here—a term short of life imprisonment that fell within the

statutory maximum, as in *Bell*—is not cognizable in federal habeas proceedings on Eighth Amendment grounds. *See Thomas*, 49 F.3d at 261.

### 2. *Blakely* Sixth Amendment Claim

Petitioner next argues that the trial court violated the Sixth Amendment in using facts outside of those encompassed in the plea to determine his sentence. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that in order to preserve the Sixth Amendment right to a jury trial, "any fact [other than the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). However, the government argues, and subsequent Sixth Circuit cases have confirmed, that *Blakely* does not apply to Michigan's indeterminate sentencing scheme.

As the Sixth Circuit explained, the *Blakely* rule is "limited by its own terms to judicial factfinding that increases the penalty beyond the maximum permitted by the relevant statute." *Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010). In *Montes*, the court held that *Blakely* has no application to the Michigan scheme, which sets the maximum sentence by statute but permits a judge to determine the minimum sentence through judicial factfinding. *Id.* (citing *People v. Drohan*, 715 N.W.2d 778, 790 (Mich. 2006)). The *Montes* court therefore ruled that the Michigan scheme did not violate defendant's Sixth Amendment rights. *Id.* at 497. This ruling is authoritative to this Court; accordingly, Petitioner's *Blakely* claim is without merit.

### B. Ineffective Assistance of Counsel

6

Petitioner also argues that he should be entitled to habeas relief because his trial counsel was ineffective with respect to the sentencing determination. Specifically, Petitioner claims that counsel was inadequate for failing: (1) to object to inaccuracies within the presentence report; and (2) to make an offer of proof or elicit facts and information in mitigation of the sentence.

The Sixth Amendment guarantees the right to the effective assistance of counsel in a criminal prosecution. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right attaches to sentencing. *See Arredondo v. United States*, 173 F.3d 778, 783 (6th Cir. 1999). The *Strickland* decision qualifies as "clearly established Federal law" for purposes of evaluating ineffective assistance of counsel claims under the AEDPA. *Williams*, 529 U.S. at 391. *Strickland* sets forth a two-pronged test for determining whether counsel's performance "so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 668. First, the defendant must show that counsel's performance was deficient. Second, the defendant must demonstrate that deficient performance prejudiced the defense. *Id.* at 687. The ultimate focus of the inquiry must be on the "fundamental fairness" of the proceeding. *Id.* at 696.

The appropriate test for the deficient performance prong is whether counsel rendered "reasonably effective assistance" under prevailing professional norms. *Strickland*, 466 U.S. at 688. Scrutiny of counsel's performance is highly deferential: the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Rebutting this presumption requires showing that counsel made errors so serious that he or she was not functioning as the "counsel"

guaranteed by the Sixth Amendment. *Id.* at 687. This is a factual, case-dependent inquiry. *Hodge v. Hurley*, 426 F.3d 368, 376 (6th Cir. 2005).

There is authority that failure to present mitigating evidence at sentencing in capital cases constitutes deficient performance. *See, e.g., Workman v. Bell*, 178 F.3d 759, 770 (6th Cir. 1998); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997). Additionally, errors in prison sentences to which counsel fails to object may support a finding of deficient performance. *See, e.g., Arrendondo v. United States*, 178 F.3d 778, 788 (6th Cir. 1999). Finally, counsel's failure to raise objections may equate to deficient performance if such failure could not be considered sound trial strategy. *Hodge*, 426 F.3d at 385. Counsel cannot be deemed deficient, however, for failing to make a futile objection. *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996). Ultimately, though, no particular set of rules exists because there are "countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 688-89. The task for the Petitioner is to show that the challenged action could not be considered sound trial strategy, considering the circumstances as a whole. *Id.* at 689.

The record does not answer the critical question of whether counsel's actions represented a strategic decision or an "abdication of advocacy." *Austin*, 126 F.3d at 849. Although counsel did not object to any fact contained in the presentence report, such objection may have been futile, given that Petitioner pled pursuant to a *Cobbs* agreement and knew when he entered the agreement that he would be subject to at least the statutory minimum. (Plea Tr. at 8, May 26, 2006.) Failure to raise objections and offer mitigating information could indicate deficient performance, but in this case may also fall within the "wide range" of professional discretion afforded to counsel. *Strickland*, 466 U.S. at 689.

8

Thus, Petitioner has not overcome the presumption that counsel's conduct was professionally reasonable.

Notwithstanding the reasonableness of counsel's actions, deficient performance alone does not constitute ineffective assistance. Petitioner must also establish a reasonable probability that the result of the proceeding would have been different absent counsel's errors—that is, that counsel's deficiency was actually prejudicial to the defense. *Strickland*, 466 U.S. at 691, 692. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* at 694. Because "any amount of additional jail time has Sixth Amendment significance," if an increased prison term results from an error in sentencing determination, prejudice is established. *Glover v. United States*, 531 U.S. 198, 200-03 (2001) (finding that increase in prison sentence from 6 to 21 months constituted prejudice, assuming that increase resulted from error in trial court's sentencing guidelines determination to which counsel failed to object).

Here, regardless of whether counsel's performance was deficient, Petitioner is unable to establish prejudice. Petitioner, relying on *Glover*, argues that he was subject to additional prison time based on incorrect information presented at sentencing, thereby suffering prejudice per se. Petitioner presumes that had trial counsel attempted to correct the supposed inaccuracies in the presentence report, his sentence would have been lower. Such conclusory allegations are insufficient to establish ineffective assistance of counsel. *See Workman*, 178 F.3d at 771 (holding that the petitioner did not overcome the presumption of counsel's effectiveness where, in the face of the fact that counsel raised numerous issues on appeal, the petitioner did not offer any support for his claim that counsel was ineffective for failing to raise other issues).

At most, counsel's inaction here deprived the court of an opportunity to consider a downward departure from the guideline range. This does not rise to the level of prejudice. *See Tumele v. Davis*, No. 08-10282, 2010 WL 1002621, at *5 (E.D. Mich. Mar. 17, 2010) (holding that habeas petitioner failed to demonstrate prejudice because she could not show that a correction to sentence scoring would have resulted in a lower minimum sentence). Petitioner has failed to establish a reasonable probability that the result would have in fact been different had counsel objected to the presentence report. He has not carried "the burden of showing, not merely that the errors at his [sentencing] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [sentencing] with error of constitutional dimensions." *Spearman v. United States*, 860 F.Supp. 1234, 1237 (E.D. Mich. 1994) (quoting *United States v. Frady*, 465 U.S. 152, 171 (1982)) (alteration in original). Because he has not satisfied the necessary prejudice component of the *Strickland* test, Petitioner cannot prevail on his ineffective assistance of counsel claim.

## IV. Conclusion

To the extent that Petitioner argues that his sentence is improper, his claim is not cognizable in a federal habeas proceeding. With respect to the ineffective assistance of counsel claim, Petitioner has not met the burden of showing that counsel's deficient performance prejudiced his defense. For these reasons, the application for writ of habeas corpus is DENIED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: July 6, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 6, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager